# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VTT TECHNICAL RESEARCH CENTRE OF FINLAND LTD.**, <br> Plaintiff, <br> vs. <br> **SITIME CORPORATION**, <br> Defendant. | CASE NO. 19-cv-01174-YGR <br><br> **ORDER DENYING MOTION TO DISMISS** <br> Re: Dkt. No. 14 |

The Court has received and reviewed defendant's motion to dismiss plaintiff's complaint for patent infringement pursuant to Rule 12(b)(6) as well as parties related briefing.[1] (Dkt. Nos. 14 ("MTD"), 23, 24.) Defendant's motion misconstrues the standard articulated by the Supreme Court in *Twombly* and *Iqbal* and relies on a collection of non-binding and inapposite district court cases to insist that plaintiff's complaint fails to meet the requirements of Rule 8 because plaintiff does not present "sufficient supporting evidence." *See* MTD at 1-9; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008) (holding that a complaint must "state a claim to relief that is plausible on its face"); *Ashcroft v Iqbal*, 556 U.S. 662, 679 (2000) (finding that determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

This "plausibility standard 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery *will reveal* evidence' to support the plaintiff's allegations." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337,

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for June 18, 2019.

1350 (Fed. Cir. 2018) (citing *Twombly*, 550 U.S. at 556) (emphasis supplied). Plaintiff's complaint in this action not only states facts sufficient raise such an expectation, but attaches, as Exhibit 2 to the complaint, a claim chart that provides detailed factual allegations that explain how defendant's products satisfy each limitation of the relevant claim of the patent at issue. (*See* Dkt. Nos. 1 ("Compl."), 1-2.) Moreover, plaintiff has alleged that asked for, and defendant refused to provide – even under the protection of a confidentiality agreement – information regarding the function of the products at issue. Compl. ¶¶ 15-16, 23; *see Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1361-62 (Fed. Cir. 2000). Finally, plaintiff's allegations of induced infringement and willfulness also suffice. *See Lifetime Indus., Inc. v. TrimLok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017) (finding that induced infringement requires factual allegations that plausibly show that the accused infringer specifically intended another party to infringe the patent and knew the acts so constituted); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1931 (2016) (abrogating the standard articulated in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2017), on which defendant relies and finding that increased damages under Section 284 are "generally reserved for egregious cases of culpable behavior[,]" including conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate").

Defendant's motion prematurely attacks the merits of plaintiff's claims which, at a minimum, counsel should understand is not appropriate for a Rule 12 motion. Parties should always exercise caution before filing unnecessary motions. Accordingly, the Court **DENIES** defendant's motion to dismiss.

This Order terminates Docket Number 14.

**IT IS SO ORDERED.**

Dated: June 17, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**